**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff(s),**         **CASE NUMBER: 08-20103
HONORABLE VICTORIA A. ROBERTS**

v.

**D-1   GARY ABERNATHY,**

        **Defendant(s).**
_____/

**ORDER DENYING DEFENDANT'S
MOTION TO DISMISS INDICTMENT**

**I.   INTRODUCTION**

This matter is before the Court on Defendant Gary Abernathy's Motion to Dismiss Indictment/Complaint based on Failure to Timely Indict Pursuant to 18 U.S.C.A. §3162(a)(1). For the reasons stated below, Defendant's motion is **DENIED**.

**II.   BACKGROUND**

Defendant says he was arrested on September 11, 2007. He first appeared before the Court on September 12, 2007 on a two-count Criminal Complaint alleging that he committed bank robbery (Count I) and knowingly used, carried or brandished a firearm during and in relation to a crime of violence (Count II). On February 27, 2008, the Government indicted Defendant on Count I. He contends the Complaint and Indictment must be dismissed because the Government failed to indict him within 30 days of his arrest as required under the Speedy Trial Act, 18 U.S.C. §3161, *et seq*. He also argues that the delay violated the statute pertaining to preliminary examinations, 18

1

U.S.C. §3060, and his Fifth, Sixth, and Fourteenth Amendment rights. The Government disputes Defendant's claims.

## III. ARGUMENTS AND ANALYSIS

### A. Preliminary Examination/Speedy Trial Act

Defendant contends the Government failed under the relevant statutes to timely conduct a preliminary examination or indict him. There is no merit to either claim.

Unless an indictment or information is filed, the Court must conduct a preliminary examination hearing to determine whether there is probable cause to believe an offense was committed and the defendant committed it. 18 U.S.C. §3060(a), (e). If the defendant is in custody, the hearing must be held within ten days of the defendant's first appearance before a judge or magistrate. 18 U.S.C. §3060(b)(1). With a defendant's consent, the date may be adjourned or continued beyond ten days. 18 U.S.C. §3060(c). If a preliminary examination is not held in accordance with subsections (a) through (c) and (e), the defendant must "be discharged from custody or from the requirement of bail or any other condition of release, without prejudice, however, to the institution of further criminal proceedings against him upon the charge upon which he was arrested." 18 U.S.C. §3060(d).

If the defendant is arrested, the Government must seek an Indictment within 30 days of the arrest, under the Speedy Trial Act.

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

18 U.S.C. §3161(b). Certain periods of delay delineated at §3161(h), however, are

excluded when computing the time that has elapsed. A complaint must be dismissed if "no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h)." 18 U.S.C. §3162(a)(1).

The Court finds that the Government did not violate either §3060 or the Speedy Trial Act.

Two days after Defendant first appeared before the Court, on September 14, 2007, Defendant agreed to cooperate with the Government. On the same date, Defendant's attorney advised the Court that he consented to detention and the preliminary examination date was set for September 24, 2007. On September 20, 2007, Defendant signed a *Kastigar*[1] letter which formalized his agreement to cooperate and began debriefing with the Government. The next day, the Government and Defendant's attorney stipulated to a continuance of the preliminary examination hearing until October 26, 2007 "to allow the parties to resolve the charges through discussion and negotiation." *See* Stipulation to Continue Preliminary Hearing, Sept. 21, 2007. An Order granting the continuance was entered on September 24, 2007.

Defendant participated in a second proffer on September 25, 2007 and scheduled a third for October 25, 2007. On October 25th, however, Defendant's attorney, Nancy McGunn, made an oral motion to withdraw as counsel and the third proffer session was canceled. On that date, the Magistrate Judge granted Ms. McGunn's motion and appointed the Federal Defender Officer to represent Defendant. Four days later, the Court substituted David Cripps as Defendant's counsel and entered

---

[1]*Kastigar v United States*, 406 U.S. 441 (1972).

3

a second Stipulation and Order to adjourn the preliminary examination hearing until November 26, 2007 to allow Defendant and the Government to continue discussions. *See* Stipulation to Continue Preliminary Hearing, Oct. 29, 2007.

Between October 29, 2007 and February 2008, the Government says it had several discussions with Defendant's attorney and made several attempts to schedule additional proffer meetings, but scheduling conflicts prevented the parties from settling on a date. In the interim, on November 26, 2007, Defendant filed this motion *pro se*. In February 2008, the Government says it was advised that Defendant no longer wished to cooperate. On February 27, 2008, the Government filed the one-count Indictment.

Defendant failed to establish a violation of his right to a preliminary examination under §3060 inasmuch as he consented, via counsel, to adjournment of the preliminary examination date through November 26, 2007, at which time he filed this motion to dismiss the Complaint.

With respect to the alleged Speedy Trial Act violation, even if the Court applies the most generous computation (in favor of Defendant), only 17 days count towards the 30-day total elapsed from the date of Defendant's arrest to his Indictment. First, the Court must exclude "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government" to further the ends of justice. 18 U.S.C. §3161(h)(8)(A). The Stipulation and Orders for September 24, 2007 through October 26, 2007 and from October 29, 2007 through November 26, 2007 were entered to allow cooperation discussions to continue. Those dates are excluded.

Second, the Court must exclude periods "resulting from any pretrial motion, from

4

the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. §3161(h)(1)(F). When a hearing is not required, the time during which necessary briefing is outstanding is excluded. *United States v Mentz*, 840 F.2d 315, 327 (6th Cir. 1988). Therefore, the date Defendant filed this motion, November 26, 2007, until the Indictment was filed on February 27, 2008 is excluded, because the motion remained pending and was not fully briefed.

When all exclusions are taken, only September 11, 2007 through September 24, 2007 and October 26, 2007 through October 29, 2007, which total 17 days, count towards the 30-day total. Therefore, the Government filed the Indictment within the time allowed under §3161(a)(1).

### B. Constitutional Violations

#### 1) Fifth and Fourteenth Amendment

Defendant asserts that the delay between his arrest and indictment violated his Fifth and Fourteenth Amendment due process rights. To obtain relief for pre-indictment delay, a defendant must establish: 1) substantial prejudice to his right to a fair trial, and 2) that the delay was an intentional device by the government to gain a tactical advantage. *United States v Brown*, 959 F.2d 63, 66 (6th Cir. 1992); *United States v Jackson*, 22 Fed. Appx. 396, 398 (6th Cir. 2001)(unpub. op.).

Defendant failed to make either showing. He asserts but presents no evidence the delay impaired his ability to get a fair trial. There is also no evidence the Government delayed in order to obtain a tactical advantage. Indeed, Defendant admits that he and the Government actively participated in cooperation discussions through September 25, 2007, and, via counsel, he stipulated to adjourn his preliminary

examination through November 26, 2007 to permit further discussions. Defendant says he decided he would not continue to cooperate at some point after September 25, 2007. But, there is no evidence which refutes the Government's claim Defendant's decision was not communicated to it until February 2008. On the contrary, the Government says it continued through January 2008 to attempt to coordinate additional proffer sessions with Defendant's attorney.

Defendant's due process claims fail.

### 2) Sixth Amendment

The Sixth Amendment requires that a defendant receive a "speedy and public trial." U.S. Const. Amend. VI. To determine whether a defendant was denied that right, courts must balance four factors: 1) the length of delay; 2) the reason for the delay; 3) whether and how the defendant asserted the speedy trial right; and 4) the amount of prejudice suffered by the defendant. *United States v White*, 985 F.2d 271, 275 (6th Cir. 1993). "No single factor is determinative." *Id*. If a violation is proven, "dismissal of the indictment is the only remedy." *United States v O'Dell*, 247 F.3d 655, 667 (6th Cir. 2001).

The Government's compliance with the Speedy Trial Act does not foreclose a claim under the Sixth Amendment. But, "it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to speedy trial has been violated." *O'Dell*, 247 F.3d at 667 (citation omitted). This is not such a case.

The balance of factors weigh heavily against Defendant. The delay between arrest and indictment was modest (5 months). There is no evidence the Government

caused the delay to gain tactical advantage. In fact, Defendant consented to continuances during the first three months to facilitate his cooperation with the Government and did not communicate his decision to discontinue his cooperation to the Government until over four months passed. And, Defendant presents no evidence he suffered "substantial prejudice" as a result of the delay. *See United States v Schreane,* 331 F.3d 548, 557 (6th Cir. 2003).

Defendant's Sixth Amendment claim fails as well.

## IV. CONCLUSION

Defendant's motion is **DENIED**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 29, 2008

> The undersigned certifies that a copy of this document was served on the attorneys of record and Gary Abernathy by electronic means or U.S. Mail on May 29, 2008.
>
> s/Carol A. Pinegar
> Deputy Clerk

7