**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

                                                          Case No. 08-20103
**v.**

                                                          Hon. Victoria A. Roberts

**GARY ABERNATHY,**
    **Defendant.**
_____

**ORDER**

This matter is before the Court on multiple pro se Motions: (1) Motion for Immediate Consideration, filed October 8, 2008 (Docket # 69); (2) Combined Brief and Motion to Disqualify Judge pursuant to Title 28 U.S.C.S. § 455(a) and (b)(1), filed October 8, 2008 (Docket # 68); (3) Motion Terminating Standby Counsel, filed October 17, 2008 (Docket # 74); (4) Motion to Dismiss Indictment for Prosecutorial Misconduct, filed October 17, 2008 (Docket # 75); (5) Motion to Dismiss for Violations of the U.S. Constitution (Docket #76); (6) Motion to Dismiss for Vindictive Prosecution, filed October 17, 2008 (Docket # 77); (7) Motion to Dismiss Indictment pursuant to 18 U.S.C.S. § 3162(a)(2), 3161 (c)(1), filed October 15, 2008 (Docket # 71); and (8) Motion for Exention (sic) of Time for Filings, filed October 15, 2008 (Docket # 70).

Defendant's Motion for Immediate Consideration [Doc 69] asks the Court to immediately consider his Motion to Disqualify this Judge. Defendant's Motion for Immediate Consideration is GRANTED.

Defendant's Combined Brief and Motion to Disqualify Judge pursuant to Title 28

1

U.S.C.S. § 455(a) and (b)(1) [Doc 68] asks the Court to disqualify herself due to actual prejudice and impropriety, as well as the appearance thereof. Defendant alleges the Court is engaged in a conspiracy with his appointed counsel and the United States Attorney to predetermine the outcome of his case. As evidence of this alleged conspiracy, Defendant says the Court: (1) participated in and/or had knowledge of the creation a fabricated transcript in this matter, and (2) made decisions and rulings with no legal basis, support or grounds.

> Section 455 provides, in pertinent part:
>
>> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>> (b) He shall also disqualify himself in the following circumstances:
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .
>
> 28 U.S.C. § 455.

Defendant provides no evidentiary support for his allegations regarding this alleged conspiracy. There being no actual prejudice or impropriety, nor the appearance thereof, Defendant's Combined Brief and Motion to Disqualify Judge pursuant to Title 28 U.S.C.S. § 455(a) and (b)(1) is DENIED.

Defendant's Motion Terminating Standby Counsel [Doc 74] asks the Court to terminate his standby counsel effective on the date of filing. The Court has concerns that Defendant may be suffering from a mental disease or defect rendering him mentally incompetent to stand trial. In light of the Court's Order granting the Government's Motion for Hearing On and Determination of Defendant's Mental Competency, Defendant's Motion Terminating Standby Counsel is DENIED.

Defendant's Motion to Dismiss Indictment for Prosecutorial Misconduct [Doc 75] asks the Court to dismiss the Indictment against him due to prosecutorial misconduct. Defendant provides no evidentiary support for his allegations regarding prosecutorial misconduct, nor does he otherwise identify the complained of conduct. In the absence thereof, the Court cannot find that the Government engaged in prosecutorial conduct. Therefore, Defendant's Motion to Dismiss Indictment for Prosecutorial Misconduct is DENIED.

Defendant's Motion to Dismiss for Violations of the U.S. Constitution [Doc 76] asks the Court to dismiss the Indictment against him due to violations of the 5th, 6th, 8th and 14th Amendments of the United States Constitution. Defendant provides no evidentiary support for his allegations regarding Constitutional violations, nor does he otherwise identify the complained of conduct. In the absence thereof, the Court cannot find there have been any Constitutional violations in this matter. Therefore, Defendant's Motion to Dismiss for Violations of the U.S. Constitution is DENIED.

Defendant's Motion to Dismiss for Vindictive Prosecution [Doc 77] asks the Court to dismiss the Indictment against him on account of vindictive prosecution in violation of the Fifth Amendment of the U.S. Constitution. Defendant provides no evidentiary support for his allegations regarding vindictive prosecution, nor does he otherwise identify the complained of conduct. In the absence thereof, the Court cannot find that the Government engaged in vindictive prosecution. Therefore, Defendant's Motion to Dismiss for Vindictive Prosecution is DENIED.

Defendant's Motion to Dismiss Indictment pursuant to 18 U.S.C. § 3162(a)(2), 3161(c)(1) [Doc 71] asks the Court to dismiss the Indictment against him due to a

violation of 18 U.S.C. § 3161(c)(1).

Section 3161(c)(1) says:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent. 18 U.S.C. § 3161 (c)(1).

However, certain periods of delay, delineated at § 3161(h), are excluded when computing the time that has elapsed. Those include:

> (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;
> .      .      .      .
>
> (E) delay resulting from any interlocutory appeal;
> (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion; and
> .      .      .      .
>
> (J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court. . . .
>
> 18 U.S.C. § 3161 (h)(1).

This Court previously found that the Government timely filed the Indictment on February 27, 2008. *See* Order, Docket #33.

On November 26, 2007, Defendant filed a pro se Motion to Dismiss Indictment/Complaint based on Failure to Timely Indict Pursuant to 18 U.S.C.A. § 3162(a)(1); at that time he was represented by counsel. On February 8, 2008,

4

Defendant filed a pro se Supplement to the Motion to Dismiss.  On March 19, 2008, the Court conducted a hearing on the Motion.  On March 20, 2008, the Court issued an Order granting Defendant's Motion to represent himself for the limited purpose of deciding the Motion to dismiss the Indictment.  The Court also set a briefing schedule for the Motion and advised the parties that it would rule on the Briefs.  The Government filed a Response and Brief, under seal, on March 27, 2008.  On April 29, 2008, Defendant filed a Response to the Government's Brief.  The Motion remained pending until May 29, 2008 when the Court issued its Order disposing of the Motion.  The Court must exclude any periods "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F).  When a hearing is not required, the time during which necessary briefing is outstanding is excluded. *United States v. Mentz*, 840 F.2d 315, 327 (6th Cir. 1988).  Therefore, the period from the filing of the Motion through May 29, 2008 is excluded.

On February 8, 2008, Defendant filed a Motion Invoking Sixth Amendment Right of Self Representation.  On March 6, 2008, Defendant's former counsel, David Cripps, filed a Motion to Withdraw as Appointed Counsel.  On March 19, 2008, the Court conducted a hearing on both Motions.  On March 20, 2008, the Court issued an Order granting the Motion to Withdraw.  In the same Order, the Court also granted Defendant's Motion to represent himself for the limited purpose of deciding the Motion to dismiss the Indictment.  On March 21, 2008, the Court issued an Order appointing the Federal Defender's Office to represent Defendant.  The date Counsel filed his Motion until the March 21, 2008 Order was entered is excluded. *See* § 3161(h)(1)(F).

On April 2, 2008, the Government filed a Motion and Combined Brief in Opposition to Defendant's Request for Release on Bail Pending Trial. The Court conducted a detention hearing on April 4, 2008. On April 7, 2008, the Court issued its Order of Detention Pending Trial. The date the Government filed this Motion until the Order was entered is excluded. *See* § 3161(h)(1)(F).

On June 6, 2008, Defendant filed his Notice of Emergency Interlocutory Appeal. On June 16, 2008, the Government and Defendant, through his appointed counsel, stipulated to adjourn the trial date from June 17, 2008 to August 12, 2008 and agreed that that time period would constitute excludable delay. The Appeal Order was filed on September 12, 2008. The date Defendant filed his Notice of Appeal until the Appeal Order was entered is excluded. *See* §§ 3161(h)(1)(F) and (h)(8)(A).

On July 11, 2008, Defendant filed a Motion and Combined Brief Expanding the Record with Objections. On August 20, 2008, the Court issued an Order striking this pro se Motion. The date Defendant filed this Motion until the Order was entered is excluded. *See* § 3161(h)(1)(F).

On August 20, 2008, Defendant filed a Combined Brief and Motion to Disqualify Judge pursuant to Title 28 U.S.C.S. § 455(a) and (b)(1). On August 21, 2008, the Court issued an Order striking this pro se Motion. The date Defendant filed this Motion until the Order was entered is excluded. *See* § 3161(h)(1)(F).

On August 25, 2008, the Court conducted a status conference. The Court granted Defendant's request to represent himself and to appoint standby counsel to assist him. Defendant agreed to an adjournment of the trial date from September 11, 2008 to January 13, 2009 to give him additional time to prepare a defense and file

6

necessary motions.  Defendant also agreed that all time from August 25, 2008 through January 13, 2009 would constitute excludable delay under the Speedy Trial Act. *See* § 3161(h)(8)(A).

On September 12, 2008, the Government filed a Motion for Hearing On and Determination of Defendant's Mental Competency.  The Court issued an Order granting the Motion on .  The date the Government filed the Motion until the conclusion of the competency hearing will be deemed excludable. *See* § 3161(h)(1)(A).

When all exclusions are taken, only May 30, 2008 through June 5, 2008, which total 7 days, count towards the 70-day total.  The Court finds there is no Speedy Trial Act violation. Therefore, Defendant's Motion to Dismiss Indictment pursuant to 18 U.S.C. § 3162(a)(2), 3161(c)(1) is DENIED.

Defendant's Motion for Extension of Time for Filings [Doc 70] asks the Court to extend the time in which to file motions because he is in need of supplies, such as postage stamps.  In light of the Stipulation and Order Adjourning Motion Cut-off Date filed on October 22, 2008, Defendant's Motion for Extension of Time for Filings is DENIED.

**IT IS ORDERED.**

<u>**S/Victoria A. Roberts**</u>
**Victoria A. Roberts**
**United States District Judge**

**Dated:  October 24, 2008**

**The undersigned certifies that a copy of this document was served on the attorneys of record and Gary Abernathy by electronic means or U.S. Mail on October 24, 2008.**

**s/Carol A. Pinegar**
**Deputy Clerk**