UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**
    Plaintiff,

                                        Case No. 08-20103

v.

                                        Hon. Victoria A. Roberts

**GARY ABERNATHY,**
    Defendant.

_____

**OPINION AND ORDER
GRANTING THE GOVERNMENT'S MOTION FOR HEARING ON AND
DETERMINATION OF DEFENDANT'S MENTAL COMPETENCY**

**A.    INTRODUCTION**

This matter is before the Court on the Government's Motion for Hearing On and Determination of Defendant's Mental Competency, filed September 12, 2008. (Docket # 61). The Defendant has not responded.

**B.    BACKGROUND**

Defendant is charged in a First Superceding Indictment, with one count of Armed Robbery, Aiding and Abetting and one count of Possession of a Firearm in Furtherance of a Crime of Violence. Trial is scheduled to begin on January 13, 2009. Three attorneys have withdrawn from representation of Defendant due to breakdowns in communication. Defendant now is representing himself with the assistance of standby counsel, Richard Korn. Defendant recently filed a Motion to remove Mr. Korn as standby counsel.

1

Defendant filed several pro se letters and motions in which he contends that the Government, the Court and his lawyers are engaged in a conspiracy against him. In the most recent letter, filed on August 26, 2008, Defendant objects to the filing of the pre-trial status conference transcript; he contends that his prior counsel, Margaret Raben, doctored the transcript to contain only statements that she "deems relevant to her cause and purpose" and that he would hold the Court responsible if Raben is allowed to sabotage his proceeding in this respect. (See Docket # 58).

Due to Defendant's apparent fixation on a conspiracy between the Government, the Court and his lawyers, the Government believes that Defendant may not be competent to stand trial. The Government moves the Court for an Order requiring Defendant to submit to a psychiatric or psychological evaluation, pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4247.

**C.    CASE LAW AND ANALYSIS**

   **1.    Competency**

The Insanity Defense Reform Act of 1984 sets out sentencing and other provisions for dealing with offenders who are or have been suffering from a mental disease or defect. With respect to determinations of competency, it says:

> **§ 4241.    Determination of mental competency to stand trial.**
>
> **(a) Motion to Determine Competency of Defendant**. — At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the

2

defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

**(b) Psychiatric or Psychological Examination and Report.**— Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247 (b) and ©.

**(c) Hearing**.— The hearing shall be conducted pursuant to the provisions of section 4247(d).

18 U.S.C. §§ 4241.

Accordingly, the first step in determining whether a competency hearing is *mandated* in any given case now requires that it come to the attention of the court that there is "*reasonable cause* to believe that [the defendant] may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *U.S. v Nichols*, 661 F. Supp 507 (1987). The defendant's situation may be brought to the court's attention by the filing of a motion by the defendant or the United States Attorney. In the alternative, the court may order a hearing *sua sponte*.

A hearing is mandated upon the showing of "reasonable cause." The Act requires the Court to follow specified procedures at the hearing:

**(d) Hearing**.— At a hearing ordered pursuant to this chapter the person whose mental condition is the subject of the hearing shall be represented by counsel and, if he is financially unable to obtain adequate representation, counsel shall be appointed for him pursuant to section 3006A. The person shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing.

18 U.S.C. §§ 4241(d).

The second step appears to be within the court's discretion and provides that "prior to the date of the hearing, the court *may* order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c) [18 U.S.C. § 4247(b) (c)]." *Id; See* also 18 U.S.C. § 4241(b)

"The determination of whether a defendant is mentally competent to stand trial is a question left to the sound discretion of the district court, with the advice of psychiatrists [or other mental health professionals]. The medical opinion of experts as to the competency of a defendant to stand trial is not binding on the court, since the law imposes the duty and responsibility for making the ultimate decision of such a legal question on the court and not upon medical experts." FED. PROC. § 22:549, *Hearing and Determination as to Competency; United States v. Davis,* 365 F.2d 251, 256 (6th Cir. 1966).

To be deemed competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 402 (1960). Even when a defendant is competent at the commencement of his trial, a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial. *Drope v. Missouri*, 420 U.S. 162 (1975).

There is no evidence that Defendant has a history of suffering from a mental

4

defect or disease. However, Defendant filed numerous rambling pleadings with the Court in which he alleges the Court has knowledge of a fabricated transcript filed in the case; is involved in a conspiracy with the Government and appointed counsel to predetermine the outcome of the case; and has handpicked appointed counsel for this task. Defendant also continues to pursue trial despite overwhelming evidence against him, which largely will consist of the testimony of a co-defendant who has already pled guilty to charges in the Superceding Indictment. Defendant's pleadings and actions suggest that he may be suffering from some form of paranoia or delusion.

The Court finds there is reasonable cause to believe Defendant is mentally incompetent, such that it affects his ability to understand the consequences of the proceedings against him and to assist in his defense. The Court will order an evaluation of Defendant's mental competency to stand trial.

Likewise, although it has not been specifically addressed by the Government, the issue regarding Defendant's competency to represent himself is one for which the Court may *sua sponte* order a hearing. *See* 18 U.S.C. §§ 4241. The Court believes it also should determine whether Defendant is competent to represent himself, inasmuch as three attorneys have already withdrawn and Defendant now seeks to have standby counsel removed and to represent himself. "One might not be insane in the sense of being incapable of standing trial and yet lack the capacity to stand trial without the benefit of counsel." See *Godinez v Moran*, 509 U.S. 389 (1993).

In *Indiana v Edwards*, ___ U.S. ___, 128 S. Ct. 2379 (2008), the Defendant challenged the trial court's denial of his self representation request on the grounds that

5

it denied him his constitutional right of self representation under the Sixth Amendment. The U.S. Supreme Court held that the U.S. Constitution permits a State to limit a defendant's self-representation right by insisting upon trial counsel when the defendant lacks the mental competency to conduct his trial defense unless represented.

Similarly, in *United States v Purnett*, 910 F.2d 51 (2nd Cir. 1990), the Second Circuit ruled that the presence of standby counsel at the defendant's competency hearing did not provide him with representation sufficient to satisfy his Sixth Amendment right to counsel. The court reasoned that the role of standby counsel is much more restricted than the role of counsel and the responsibilities are different.

Accordingly, the Court will also order the psychiatrist who evaluates Defendant to consider and report on Defendant's competency to represent himself.

The Court will appoint standby counsel to represent Defendant as his attorney at the competency hearing.

  2.   **Speedy Trial**

The Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-3174, establishes time limits for completing the various stages of a federal criminal prosecution. It provides that certain periods of delay must be excluded in computing the time within which a trial must commence:

> **§ 3161. Time Limits and Exclusions**.
> .     .     .     .     .
> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
>
> *(A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant*;
>
> (B) delay resulting from any proceeding, including any examination of the defendant, pursuant to section 2902 [1] of title 28, United States Code;
>
> (C) delay resulting from deferral of prosecution pursuant to section 2902 [1] of title 28, United States Code;
>
> (D) delay resulting from trial with respect to other charges against the defendant;
>
> (E) delay resulting from any interlocutory appeal;
>
> *(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion*;
>
> (G) delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure;
>
> *(H) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendants arrival at the destination shall be presumed to be unreasonable*;
>
> (I) delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government; and
>
> (J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.
>
> 18 U.S.C. § 3161(h)(1) (Emphasis added).

In light of the Court's entry of this Order, the Court finds that all periods of delay stemming from: (1) the filing of the Motion regarding competency, (2) the psychiatric or psychological examination, (3) the conclusion of the hearing, and (4) the disposition of such Motion, will be deemed excludable delay pursuant to § 3161(h)(1).

**D.    CONCLUSION**

For the reasons stated above, Court GRANTS the Government's Motion for Hearing On and Determination of Defendant's Mental Competency.

**IT IS ORDERED.**

                                              **S/Victoria A. Roberts**
                                              **Victoria A. Roberts**
                                              **United States District Judge**

**Dated:  October 24, 2008**

> **The undersigned certifies that a copy of this document was served on the attorneys of record and Gary Abernathy by electronic means or U.S. Mail on October 24, 2008.**
>
> **s/Carol A. Pinegar**
> **Deputy Clerk**