**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

                                        Case No. 08-20103

**v.**

                                        Hon. Victoria A. Roberts

**GARY ABERNATHY,**

    **Defendant.**

_____

### ORDER FOR PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION

This matter came before the Court on the Motion of the United States. Defendant did not file an objection. The Court finds for the reasons stated in its Opinion and Order Granting the Government's Motion for Hearing On and Determination of Defendant's Mental Competency (Docket #80) that there is reasonable cause to believe that Defendant GARY ABERNATHY suffers from a mental disease or defect rendering him mentally incompetent to stand trial.

Accordingly, pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4247, it is Ordered that:

1. Defendant is committed to the custody of the Attorney General for a psychiatric or psychological evaluation for a period not to exceed 30 days pursuant to 18 U.S.C. § 4247(b). The director of the facility performing the examination may apply for a reasonable extension of time, upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.

2. While the Court is mindful that the evaluation is to be conducted at the closest Federal Correctional Medical Institute, pursuant to 18 U.S.C. §§ 3552(b) and 4247(b), the Court recommends the Federal Medical Center in Rochester, Minnesota.

3. The examining psychiatrist or psychologist will prepare, as soon as practical, a written report that includes: (1) the defendant's history and present symptoms; (2) description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions concerning (a) diagnosis; (b) whether Defendant suffers from a mental disease or defect which renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and (c) whether Defendant is able to represent himself at trial.

4. The examiner must promptly file the written report with the Court and provide copies to defense counsel and the attorney for the Government.

5. A competency hearing will be conducted after receipt of the examiner's written report.

6. Standby counsel, Richard D. Korn, is appointed to represent Defendant at a competency hearing which will be held pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4247.

7. The period beginning with the filing of the Government's Motion on September 12, 2008 and ending with the conclusion of the competency hearing, which will take place after the Court and parties receive the examiner's written report, is deemed excludable delay under the Speedy Trial Act, 18 U.S.C. §§3161 (h)(1)(F) and (h)(1)(A). Also, the period beginning the day after the conclusion of the competency hearing and

ending with the Court's ruling on Defendant's mental competency or with the lapse of 30 days, whichever occurs first, is deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(J).

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 27, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and Gary Abernathy by electronic means or U.S. Mail on October 27, 2008.

s/Carol A. Pinegar
Deputy Clerk