UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

                                          **Case No. 08-20103**

**v.**

                                          **Hon. Victoria A. Roberts**

**GARY ABERNATHY,**

    **Defendant.**

_____

**ORDER DENYING DEFENDANT'S MOTION FOR GRAND JURY DATA**

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion Request [Doc. #90], filed December 4, 2008. Defendant filed a second Motion Request [Doc. #95] on December 22, 2008. For the reasons stated below, the Court **DENIES** both Motions.

**II.    BACKGROUND**

Defendant is charged in a superceding indictment with: Count I - Armed Bank Robbery, 18 U.S.C. §§ 2113(A), (D) & 2; and Count II - Possession of a Firearm in Furtherance of a Crime of Violence, 18 U.S.C. §§ 924(c)(1)(A). Defendant represents himself with standby counsel and filed these Motions pro se.

Defendant's first Motion requested the grand jury numbers and the dates and times of grand jury sessions for February and August 2008, "with means of checking authenticity." Defendant also sought certified copies of the original and superceding indictments.

Eighteen days later, Defendant filed his second Motion seeking the same documents, as well as the grand jury's date of impanelment and discharge, with "means of verification." The second request is for the entire year of 2008.

Neither Motion was accompanied by a brief.

### III.  DISCUSSION

A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*,   U.S.   , 127 S.Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  However, pro se status does not exempt the litigant from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

Rule 47 of the Federal Rules of Criminal Procedure governs the filing of Motions and supporting affidavits in criminal cases.  It says:

> A motion--except when made during a trial or hearing--must be in writing, unless the court permits the party to make the motion by other means. *A motion must state the grounds on which it is based and the relief or order sought*. A motion may be supported by affidavit. (Emphasis added). Fed. R. Cr. P. 47(b)

Additionally, the United States District Court for the Eastern District of Michigan promulgated local rules which govern proceedings in this District.  These rules apply in both civil and criminal actions. E.D. Mich. L.R. 1.1(c).  E.D. Mich. L.R. 7.1(c)(1)(A) provides that "Motions and responses to motions must be accompanied by a brief.  The brief may be separate from or may be contained within the motion."

Both of Defendant's Motions essentially seek the same relief.  However, neither

Motion was accompanied by a brief in the manner prescribed by E.D. Mich. L.R. 7.1(c)(1)(A). Accordingly, the Motions are DENIED.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 7, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Gary Abernathy by electronic means or U.S. Mail on January 7, 2009.

s/Carol A. Pinegar
Deputy Clerk

---