**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

                                  **Case No. 08-20103**

**v.**

                                  **Hon. Victoria A. Roberts**

**GARY ABERNATHY,**

      **Defendant.**

_____

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

**I.     INTRODUCTION**

This matter is before the Court on Defendant's Objections [Doc. #83], filed November 5, 2008; Grounds for Objections [Doc. #86], filed November 18, 2008; and Objections [Doc. #94] on December 16, 2008.  For the reasons stated below, the Court **DENIES** the Motion.

**II.    BACKGROUND**

Defendant is charged in a superceding indictment with: Count I - Armed Bank Robbery, 18 U.S.C. §§ 2113(A), (D) & 2; and Count II - Possession of a Firearm in Furtherance of a Crime of Violence, 18 U.S.C. §§ 924(c)(1)(A).  Defendant represents himself with standby counsel and has filed numerous letters, motions and appeals.

On October 24, 2008, the Court entered its Order denying six motions: (1) Combined Brief and Motion to Disqualify Judge; (2) Motion Terminating Standby Counsel; (3) Motion to Dismiss Indictment for Prosecutorial Conduct; (4) Motion to

1

Dismiss for Vindictive Prosecution; (5) Motion to Dismiss Indictment pursuant to 18 U.S.C.S. § 3162(c)(1); and (6) Motion for Extention (sic) of Time for Filings.  The Court granted one motion: Motion for Immediate Consideration.  Defendant filed his Objections [Doc. #83] in response.

On October 24, 2008, the Court also entered an Order granting the Government's Motion for Hearing On and Determination of Defendant's Mental Competency.

Defendant's Objections, filed pro se, oppose these Orders entered by the Court.

**III**. **LEGAL STANDARD**

Since Defendant's Objections deal with issues previously decided in the Court's Order of October 24, 2008, the Court treats them as a Motion for Reconsideration. The Federal Rules of Criminal Procedure make no provision for a motion to reconsider. Courts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgement pursuant to Fed. R. Civ. P. 59(e). See, e.g., *United States v. Sims*, 252 F. Supp. 2d 1255, 2003 U.S. Dist. LEXIS 4046, No. CR. 00-193 MV, 2003 WL 1227571 at *4 (D. N.M. March 11, 2003); *United States v. Thompson*, 125 F. Supp. 2d 1297 (D. Kan. 2000); *United States v. Titterington*, 2003 U.S. Dist. LEXIS 8887, 2003 WL 23924932 at *1 (W.D. Tenn. May 22, 2003).  A motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) may be made for one of three reasons:

> 1) An intervening change of controlling law;
> 2) Evidence not previously available has become available; or
> 3) It is necessary to correct a clear error of law or prevent manifest injustice.

Fed. R. Civ. P. 59(e).   Rule 59(e) is not intended to be used to "relitigate issues

2

previously considered" or to "submit evidence which in the exercise of reasonable diligence, could have been submitted before." *Id.* at 1182.  Thus, there are limited circumstances in which a court may grant a motion for reconsideration.

## IV.    CASE LAW AND ANALYSIS

Defendant, who has court-appointed standby counsel, filed his Motions apparently without counsel's assistance.  The Court notes that although the exact role of standby counsel is largely undefined, the Supreme Court placed two limitations on that role: "First, the pro se defendant is entitled to preserve actual control over the case he chooses to present to the jury. . . . Second, participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself." *McKaskle v. Wiggins*, 465 U.S. 168, 178 (1984). Neither of these limitations is implicated here; Defendant filed his Motions pro se and chose the issues to present to the Court.

A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*,    U.S.   , 127 S.Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  However, pro se status does not exempt the litigant from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

### A.    Objections and Grounds for Objections – Document 83 & 86

In Document 83, Defendant raises 19 objections, some of which relate to the

3

Court's rulings and Orders.  Others relate to the indictments, "the judge of record" and the court docket.  He does not cite grounds for his objections.

In Document 86, Defendant cites grounds for objections 4, 9 and "the remaining (4) four motions which were ruled on, on October 24, 2008," referred to in Document 83.

As to Objection 9, Defendant says he was not afforded a reasonable opportunity to respond to the Government's Motion for Hearing On and Determination of Defendant's Mental Competency.  Defendant says the Government's Motion was filed on September 12, 2008, but there was nearly a one-month delay in serving him. Moreover, he says although the certificate of service indicates the Motion was deposited in the mail on October 9, 2008, he did not receive it until October 14, 2008.  Thus, he says he only had 10 days to respond before entry of the Order.  Additionally, he says there was "no showing or finding of reasonable cause under § 4241(a)."  He does not provide an explanation or basis for this argument.

The Certificate of Service filed with the Court indicates the Motion was served on Defendant by U.S. Mail at the Wayne County Jail on September 12, 2008. *See* Doc. #61, p. 8.  Fed. R. Crim. P. 49(b) states that service upon the attorney or upon a party shall be made in the manner provided in civil actions. According to Fed. R. Civ. P. 5(b), "service by mail is complete upon mailing."  Thus, pursuant to the "mailbox rule," Defendant had a reasonable opportunity to respond to the Motion.  Moreover, the Court considered the merits of Defendant's case and determined there was reasonable cause to believe he was mentally incompetent.

As to Objection 4, Defendant says the Court incorrectly states in its October 24,

4

2008 Order that he requested disqualification due to actual prejudice and impropriety. Defendant says he actually requested disqualification pursuant to 28 U.S.C. § 455(a) and (b)(1). Additionally, Defendant says the Court did not request any additional documents.

Defendant's motion asserted that "there has been a showing of actual prejudice and impropriety as well as the appearance thereof." *See* Doc. 46, p. 3. Thus, the Court properly considered and rejected this argument as a basis for disqualification.

For his remaining objections, Defendant says he did not provide any evidentiary support for his Motions because standby counsel advised him that he should file the motions first without brief in support. Additionally, Defendant says the Court did not request that he provide such evidentiary support.

A reviewing court must liberally construe pro se pleadings, and the Court attempted to do so here. However, a mere list of "issues" without developed arguments or citations to authority, is insufficient to warrant consideration on the merits. "Judges are not also required to construct a party's legal arguments for him." *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993); see also, *United States v. Phibbs*, 999 F.2d 1053, 1080 n.12 (6th Cir. 1993), cert. denied, 510 U.S. 1119, 127 L. Ed. 2d 389, 114 S. Ct. 1070, 114 S. Ct. 1071 (1994)("it is not our function to craft an appellant's arguments"); *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000)(refusing to consider merits of claim because defendant failed to advance argument in support).

Moreover, E.D. Mich. L.R. 7.1(c)(1)(A) provides that "Motions and responses to motions must be accompanied by a brief." Defendant's motions were unaccompanied by a brief or supporting argument. Consequently, the Court properly refused to

5

consider the merits of his claims.

**B.      Objections – Document 94**

In Document #94, Defendant raises two objections.  As to Objection #1, Defendant says he objects to the Court's Order, Document #7.  He says that when the Court summarily dismissed his petition for writ of habeas corpus and considered it as a motion for reconsideration, he was denied the opportunity to demonstrate a palpable defect by which the Court was misled.

Document #7 is an Order of Detention Pending Trial, which was entered with Defendant's consent on September 14, 2007.  Since it does not address a writ of habeas corpus, it appears that Defendant cited the wrong Order in Objection #1. Moreover, it is untimely. *See* Fed. R. Civ. P. 59(b); *see* also E.D. Mich. L.R. 7.1(g).

In Objection #2, Defendant objects to this Court's Order, Document #89 partially granting his motion to correct the docket heading.  He says "[t]here is no pending count of a machine gun stated in the charging instrument, original or superceding indictments, nor is such associated in the pending criminal case."

Defendant is charged with armed robbery and possession of a firearm in furtherance of a crime of violence.  There are allegations that a weapon was involved in the offenses.   A "machine gun" is defined (in part) by the National Firearms Act of 1934, 26 U.S.C. § 5845(b) as "... any weapon which shoots ... automatically more than one shot, without manual reloading, by a single function of the trigger."  The Court did not err in failing to remove this reference from the docket heading since there is a question of fact whether the weapon could be considered a machine gun.

Defendant fails to make the required showing for reconsideration.  The Court is

6

not persuaded that its rulings contained manifest errors of law, and Defendant did not

identify any factual matter which the Court was not aware of when it ruled on each

motion.  Defendant's motion is **DENIED**.

       **IT IS ORDERED**.


                          S/Victoria A. Roberts_____
                          Victoria A. Roberts
                          United States District Judge

Dated:  January 7, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Gary Abernathy by electronic means or U.S. Mail on January 7, 2009.

s/Carol A. Pinegar_____
Deputy Clerk

---