UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

           Plaintiff,

v.

GARY ABERNATHY,

           Defendant.

Case No. 08-20103

Hon. Victoria A. Roberts

_____

**ORDER**

**I.     INTRODUCTION**

      This matter is before the Court on Defendant's Objections [Doc. 108], filed March 26, 2009.  The Court treats Defendant's Objections as a Motion for Reconsideration and DENIES the Motion.

**II.    BACKGROUND**

      Defendant is charged in a superceding indictment with: Count I - Armed Bank Robbery, 18 U.S.C. §§ 2113(A), (D) & 2; and Count II - Possession of a Firearm in Furtherance of a Crime of Violence, 18 U.S.C. §§ 924(c)(1)(A).  Defendant represents himself with standby counsel and has filed numerous letters, motions and appeals.

      On October 24, 2008, the Court entered an Order [Doc. 80] granting the Government's Motion for Hearing On and Determination of Defendant's Mental Competency.  On October 27, 2008, the Court also entered an Order [Doc. 81] requiring

Defendant to submit to a psychiatric or psychological evaluation.

Upon completion of the evaluation and issuance of the forensic report, the Court conducted a competency hearing on March 12, 2009 in open court and on the record.

On March 30, 2009, the Court entered an Order [Doc. 111] finding Defendant incompetent to stand trial and committing him to the Attorney General for hospitalization and treatment.

Defendant's Objections, filed pro se, oppose the competency hearing conducted by the Court.  First, he says the competency hearing was unwarranted because there was no sufficient doubt raised on his competence, either by Dr. Dana's forensic report, or by any irrational behavior demonstrated by Defendant.  Defendant says the report deemed him competent, and there was no reasonable cause to believe that he "may presently be suffering from a mental disease or defect rendering him incompetent." Defendant says he was prejudiced by an improperly instituted competency hearing.

Second, Defendant says defense counsel's performance fell below standards guaranteed by the Sixth Amendment to the United States Constitution.  He says there was a complete breakdown in the adversary process because his appointed counsel did not cross examine or present witnesses in favor of the defense.  Defendant says the proceedings were extremely one-sided.

## III.   LEGAL STANDARD

Since Defendant's Objections primarily deal with issues previously decided in the Court's Orders of October 24 and 27, 2008 and March 30, 2009, the Court treats them as a Motion for Reconsideration.

The Federal Rules of Criminal Procedure make no provision for a motion to

2

reconsider.  Courts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). See, e.g., *United States v. Sims*, 252 F. Supp. 2d 1255, 2003 U.S. Dist. LEXIS 4046, No. CR. 00-193 MV, 2003 WL 1227571 at 4 (D. N.M. March 11, 2003); *United States v. Thompson*, 125 F. Supp. 2d 1297 (D. Kan. 2000); *United States v. Titterington*, 2003 U.S. Dist. LEXIS 8887, 2003 WL 23924932 at 1 (W.D. Tenn. May 22, 2003).

A motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) may be made for one of three reasons:

1) An intervening change of controlling law;

2) Evidence not previously available has become available; or

3) It is necessary to correct a clear error of law or prevent manifest injustice.

Fed. R. Civ. P. 59(e). Rule 59(e) is not intended to be used to "relitigate issues previously considered" or to "submit evidence which in the exercise of reasonable diligence, could have been submitted before." *Id.* at 1182. Thus, there are limited circumstances in which a court may grant a motion for reconsideration.

## IV. CASE LAW AND ANALYSIS

### A.  Objection #1 - Competency Hearing

Defendant says he was prejudiced by an improperly instituted competency hearing.  Competency is an underlying predicate to due process.  A defendant has a constitutional right "not to be tried while legally incompetent," and a state's "failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial."

3

*Drope v. Missouri*, 420 U.S. 162, 172-173 (1975).

A trial court has a duty to investigate a defendant's competence whether or not either party makes a motion raising the issue. A judge with a "bona fide" doubt about a defendant's competence must, *sua sponte*, hold a competency hearing to investigate the defendant's "rational understanding." *Pate v. Robinson*, 383 U.S. 375, 385, 15 L. Ed. 2d 815, 86 S. Ct. 836 (1966). Competency issues are resolved in proceedings separate from the main trial so that the competency determination remains "uncluttered by evidence of the offense itself." *Martin v. Estelle*, 546 F.2d 177, 179 (5th Cir. 1977), cert. denied, 431 U.S. 971, 53 L. Ed. 2d 1069, 97 S. Ct. 2935 (1977).

The Insanity Defense Reform Act of 1984 ("IDRA"), 18 U.S.C. §§ 4241-4247, sets out provisions for dealing with determinations of competency:

### § 4241.  Determination of mental competency to stand trial.

**(a) Motion to Determine Competency of Defendant**. — At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

**(b) Psychiatric or Psychological Examination and Report.**— Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247 (b) and (c).

**(c) Hearing**.— The hearing shall be conducted pursuant to the provisions of section 4247(d).

.                .                .

18 U.S.C. § 4241.   A hearing is mandated upon the showing of "reasonable cause."

There is no requirement in the text of § 4241 that reasonable cause be satisfied by

certain proof.  Representations by counsel have been held sufficient. See *United States*

*v. Walker*, 301 F.2d 211, 213-15 (6th Cir. 1962) (holding that oral request by

court-appointed counsel when considered in conjunction with statements by the

defendant and the United States Attorney was sufficient to require the district judge to

follow the mandatory provisions of the statute (18 U.S.C. § 4244, predecessor to §

4241)).

The IDRA requires the Court to follow specified procedures at the hearing:

**§ 4247.  General provisions for chapter.**

.                .                .

**(d) Hearing**.— At a hearing ordered pursuant to this chapter the person
whose mental condition is the subject of the hearing shall be represented
by counsel and, if he is financially unable to obtain adequate
representation, counsel shall be appointed for him pursuant to section
3006A. The person shall be afforded an opportunity to testify, to present
evidence, to subpoena witnesses on his behalf, and to confront and cross-
examine witnesses who appear at the hearing.

18 U.S.C. § 4247.

At the competency hearing, the court-appointed psychiatrist and any other

witnesses whose testimony is relevant are called.  "The determination of whether a

defendant is mentally competent to stand trial is a question left to the sound discretion

of the district court, with the advice of psychiatrists [or other mental health

5

professionals].  The medical opinion of experts as to the competency of a defendant to stand trial is not binding on the court, since the law imposes the duty and responsibility for making the ultimate decision of such a legal question on the court and not upon medical experts." FED. PROC. § 22:549, *Hearing and Determination as to Competency; United States v. Davis,* 365 F.2d 251, 256 (6th Cir. 1966).

Following the competency hearing, the court must, based on a "preponderance of the evidence," make a determination as to the defendant's competency to stand trial. 18 U.S.C. §4241(d). *Id.*  To be adjudged competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 402 (1960). "When assessing a defendant's competence, the district court may rely on a number of factors, including medical opinion and the court's observation of the defendant's comportment." *United States v. Mackovich*, 209 F.3d 1227, 1232 (10th Cir. 2000).

Because "psychiatrists disagree widely and frequently on what constitutes mental illness [and] on the appropriate diagnosis to be attached to given behavior and symptoms," the Court must resolve differences in opinion within the psychiatric profession "on the basis of the evidence offered by each party" when a defendant's sanity is at issue. *Ake v. Oklahoma*, 470 U.S. 68 (1985); see also *Mackovich*, 209 F.3d at 1232 ("[I]t is not clearly erroneous for a district court to declare a defendant competent by adopting the findings of one expert and discounting the contrary findings of another.").

6

The Court's Order of October 24, 2008 outlined the reasons why the Court had a "bona fide" doubt about Defendant's competency.  The Court's concern was heightened because Defendant represents himself.  The Court will not rehash those reasons, but will say that subsequent psychological evaluation confirmed that Defendant suffers from severe mental impairments which affect his ability to rationally understand the proceedings and assist counsel.  The Court was mandated to conduct a competency hearing based upon this evidence. 18 U.S.C. § 4241.

The Court appointed defense counsel specifically for the competency hearing. The Court appointed a second psychologist to perform an independent evaluation at defense counsel's request; the independent psychologist, who performed a more comprehensive evaluation, determined that Defendant was incompetent to stand trial. Defendant was afforded the opportunity to present and question this psychologist witness.  Defendant was also afforded the opportunity to cross examine the Government witnesses; defense counsel did, in fact, cross examine Dr. Dana at length. Defendant was afforded the opportunity to testify at the competency hearing, which he declined to do.  The Court followed adequate procedures to protect Defendant's due process rights.

These facts were sufficient to support the liberal "reasonable cause" standard of § 4241.  The Court did not err in conducting the competency hearing.

### B.  Performance of Defense Counsel

Defendant says defense counsel's performance fell below standards guaranteed by the Sixth Amendment to the United States Constitution.  He says there was a

7

breakdown in the adversary process because defense counsel failed to cross examine or present witnesses in favor of the defense.  Defendant's assessment is incorrect.

Defense counsel thoroughly cross examined Dr. Dana regarding his evaluation of Defendant and his determination that Defendant was competent to stand trial.  Counsel elected not to cross examine Defendant's former attorneys, Raben, Cripps and Korn. Upon taking the stand, each attorney asserted the attorney-client privilege.  Defense counsel objected and voiced that Defendant did not waive the privilege.  Thereafter, each attorney offered limited testimony regarding their interactions with Defendant and whether he was able provide assistance with his defense; none discussed specifics regarding conversations or incidents with Defendant.  Cross examination of those witnesses could have constituted a waiver of the privilege and opened the door for the Government to cross examine them about specific conversations and incidents.  Thus, Defense counsel's strategy not to cross examine the attorney witnesses was reasonable in light of Defendant's refusal to waive the attorney-client privilege he held with them.

Defendant does not identify any additional witnesses that he wished to call or that should have been called to testify, so Defendant has not shown prejudice.

Finally, in presenting the report and testimony of Dr. Fleming, defense counsel discharged her "professional duty" as an officer of the court to raise the issue of competency, if counsel has a good faith doubt as to the defendant's competence. See *United States v. Boigegrain*, 155 F.3d 1181, 1187 (10th Cir. 1998) (rejecting argument that defense counsel "abandoned his role as the defendant's advocate and therefore

8

rendered ineffective assistance" by raising competency issues against the defendant's wishes).

## V.   CONCLUSION

Defendant fails to make the required showing for reconsideration.  The Court's ruling did not contain manifest errors of law, and Defendant did not identify any factual matter which the Court was not aware of when it held the competency hearing. Defendant's Motion is **DENIED.**

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  April 13, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Gary Abernathy   by electronic means or U.S. Mail on April 13, 2009.

s/Carol A. Pinegar
Deputy Clerk