UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

       Plaintiff,

v.

GARY ABERNATHY,

       Defendant.

Case No. 08-20103

Hon. Victoria A. Roberts

_____

### ORDER RE: MOTION REQUEST FOR GRAND JURY MATERIAL

**I.   INTRODUCTION**

This matter is before the Court on Defendant's Motion Request for Grand Jury Material [Doc. 106]. For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

**II.   BACKGROUND**

This is Defendant's third Motion seeking grand jury material. The first two motions were dismissed because they were not accompanied by a brief, as required by E.D. Mich. L.R. 7.1(c)(1)(A). This Motion is accompanied by a brief.

Defendant seeks records related to his Indictment. Defendant relies on Fed. R. Crim. P. 6(e) and the Fifth Amendment of the United States Constitution. He requests the grand jury number, the date of impanelment and discharge, the dates and times of

1

sessions, transcripts, the record of votes, and certified copies of the original and first superceding indictments. Defendant seeks to determine whether the indictment process was properly instituted.

**III.     ANALYSIS**

    **A.     Transcripts and Certified Copies of the Original and First Superceding Indictment**

Fed. R. Civ. P. 6 says "[t]he court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand jury matter at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Civ. P. 6(e)(3)(E)(ii). However, "[d]isclosure is proper only on a showing of 'compelling necessity' and 'particularized need.'" *United States v. Azad*, 809 F.2d 291, 295 (6th Cir. 1986).

The burden is on the defendant to show that a "particularized need" exists, and such need must outweigh the policy of secrecy. *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959); see also *United States v. O'Reilly*, No. 05-80025, 2007 U.S. Dist. LEXIS 94728, at *3-5 (E.D. Mich. Dec. 28, 2007) (Roberts, J.) (citing *United States v. Procter & Gamble, Co.*, 356 U.S. 677, 683 (1958)) ("For example, a defendant's burden is met where the testimony is needed to test a witness's credibility, impeach a witness, or refresh a witness's recollection.").

Strong policy favors the secrecy of grand jury proceedings. *United States v. Short*, 671 F.2d 178, 184 (6th Cir. 1982), *cert. denied*, 457 U.S. 1119 (1982). The "'indispensable secrecy of grand jury proceedings must not be broken except where there is a compelling necessity." *Gamble*, 356 U.S. at 682 (quoting *United States v.*

*Johnson*, 319 U.S. 503 (1943)) (internal citation omitted).

>  This secrecy serves:
>
>  (1) To prevent the escape of those whose indictment may be contemplated;
>  (2) To insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors;
>  (3) To prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it;
>  (4) To encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; and
>  (5) To protect an innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Id.* (citing *United States v. Rose*, 215 F.2d 617, 628-29 (3rd. Cir. 1954).

"[A]fter the grand jury's functions are ended, disclosure is wholly proper where the ends of justice require it." *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 234 (1940). "The burden, however, is on the defense to show that 'a particularized need' exists for the minutes which outweighs the policy of secrecy." *Pittsburgh Plate*, 360 U.S. at 400. The grounds for disclosure of the proceedings must be demonstrated with particularity and reflect a narrowly tailored and compelling need. *United States v. Goff*, No. 03-04-140, 2006 U.S. Dist. LEXIS 10288, at *20-22 (S.D. Ohio Feb. 20, 2006) (citing *In re Grand Jury*, No. 89-4-72, 932 F.2d 481 (6th Cir. 1991)).

"It is only when the criminal procedure is subverted that 'good cause' for wholesale discovery and production of a grand jury transcript would be warranted." *Gamble*, 356 U.S. at 684 (emphasis in original). A "generalized desire" to inspect the grand jury transcripts in the hope that evidence beneficial to the defendant will be discovered does not satisfy the particularized need requirement. *United States v. Smith*, No. 02-20380, 2004 U.S. Dist. LEXIS 6303, at *4-5 (W.D. Tenn. Jan. 26, 2004).

In addition to the rule of grand jury secrecy, there is a general rule that an indictment "will not be the subject of independent scrutiny and is given a presumption of regularity." *United States v. Hart*, 513 F.Supp. 657, 658 (E.D. Pa. 1981); *United States v. Azad*, 809 F.2d 291, 295 (6th Cir. 1986). A defendant must carry a "difficult burden" to prove irregularity. *United States v. Battista*, 646 F.2d 237, 242 (6th Cir. 1981), cert. denied, 454 U.S. 1046 (1981). The rule is "just as applicable to a challenge of inadequate instructions as inadequate evidence," and the "mere speculation of irregularity is not enough to entitle the defendant to disclosure of grand jury material." *Hart*, 513 F.Supp. At 658 (citing *United States v. Budzanowski*, 513 F.Supp. 657, 658 (3rd Cir. 1972), *cert. denied*, 409 U.S. 949 (1972).

Defendant relies on *In re Grand Jury Proceedings*, 841 F.2d 1048, 1051 (11th Cir. 1988) and says he has a particularized need for the requested material because the grand jury is no longer investigating him, much of information is already public, and he seeks limited material. These allegations are insufficient to show compelling necessity and a particularized need, and Defendant's reliance on *In re Grand Jury Proceedings* is misplaced.

There, the United States House of Representatives introduced a resolution to impeach a federal district judge. The House Judiciary Committee ("Committee") began an investigation and requested the records, transcripts, minutes, and exhibits of the grand jury that previously indicted the judge. The judge filed papers in an unsuccessful attempt to stop the release of the requested materials to the committee. The Committee then sought to obtain electronic surveillance materials involved in another complaint of judicial misconduct; the judge again attempted to stop the release. After the district

4

court ruled in favor of the Committee, the judge sought review.

The appeals court rejected the judge's arguments that the inquiries were beyond the scope of the impeachment resolution and held that the Committee had an interest in all materials inculpatory or exculpatory that bore on the question of the judge's commission of high crimes and misdemeanors. The court further held that the judge did not have standing to seek the suppression of electronic surveillance materials pursuant to 18 U.S.C.S. § 2518(10)(a).

Cases allowing transcript release generally include those where a transcript is needed to "test a witness's credibility, impeach a witness, or refresh a witness's recollection." *Gamble*, 356 U.S. at 683.  Defendant says that he seeks dismissal of the Indictment "because of improper institution of the indictment process."  He adds that "[f]ailure to grant this motion would deny defendant a meaningful opportunity to bring a meritorious motion before this Court . . ." Defendant's Brief at p. 2.  Defendant does not articulate how granting him access to the transcripts will demonstrate "improper institution of the indictment process."

Because Defendant has not disclosed his reason for needing the transcripts, he does not meet his burden.  The Court denies this portion of Defendant's request.

### B. Grand Jury Number, Impanelment and Discharge Dates, and Session Dates and Times

Defendant requests the grand jury number, the dates of impanelment and discharge of the grand jury that indicted him, and the dates and times of sessions.  Not all non-substantive matters concerning grand jury proceeding must be kept secret. See *In re Grand Jury Investigation* (*DiLoreto*), 903 F.2d 180, 182 (3d Cir. 1990).  Courts in

other circuits have held ordinarily that the "disclosure of the commencement and termination dates of the grand jury does not disclose the essence of what took place in the grand jury room." *Id*; see also *In re Cudahy*, 294 F.3d 947, 951 (7th Cir. 2002) ("The mere fact of the existence of a grand jury is [not] automatically to be deemed a matter occurring before it . . . unless revelation of its existence would disclose the identities of the targets or subjects of the grand jury's investigation . . . .")

Since the Government has not set forth specific reasons why the impanelment, session and discharge dates should be kept secret, Defendant is entitled to this information.

### C.    Record of Votes

Abernathy wants to inspect the grand jury record of votes. Defendants are "not normally entitled to the names of the members of the grand juries that indicted them." *In re Grand Jury Investigation*, 903 F.2d 180, 182 (citing *United States v. McLernon*, 746 F.2d 1098, 1122-23 (6th Cir. 1984)); see *United States v. Hansel*, 70 F.3d 6, 8 (2d Cir. 1995); *In re Special Grand Jury*, 674 F.2d at 781 (finding votes of jurors on substantive questions subject to secrecy); *United States v. Barnes*, 313 F.2d 325, 326 (6th Cir. 1963) (minutes of grand jury proceedings not easily accessible).

Conclusory statements made in support of a motion to dismiss the indictment and a motion to inspect the grand jury minutes are not enough to establish a particularized need. *United States v. Levinson*, 405 F.2d 971, 981 (6th Cir. 1968). The policy behind the secrecy of jurors names is to protect those called for grand jury service from the intimidation or retaliation of indicted defendants. *Diloreto*, 903 F.2d at 182.

6

Again, Defendant does not articulate how granting him access to the record of votes will demonstrate "improper institution of the indictment process." Defendant made no showing that any of the grand jurors might not have been legally qualified and therefore has not demonstrated a particularized need that would warrant disclosure of the record of votes. See *United States v. Greater Syracuse Board of Realtors, Inc.*, 449 F. Supp. 887, 900 (N.D.N.Y 1978); *United States v. Barone*, 311 F. Supp. 496, 500-01 (W.D. Pa. 1970). The Court denies this request.

### D. Certified Copies of the Original and Superceding Indictment

Defendant requests a certified copy of both the original and superceding indictments. Both indictments are part of the public record [Docs. 20 and 48] and Defendant is entitled to this information.

### IV. CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion Request for Grand Jury Material. The Government should release the grand jury number, impanelment and discharge dates, and session dates and times. The Government need not provide the remaining grand jury material requested by Defendant.

The Court sends Defendant certified copies of the original and superceding indictments with a copy of this Order.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 13, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Gary Abernathy by electronic means or U.S. Mail on April 13, 2009.

s/Carol A. Pinegar
Deputy Clerk