UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GARY ABERNATHY,

    Defendant.

Case No. 08-20103

Hon. Victoria A. Roberts

_____

**ORDER DENYING MOTION TO DISMISS**
**INDICTMENT FOR CONSTITUTIONAL VIOLATIONS**

    This matter is before the Court on Defendant Gary Abernathy's Motion to Dismiss Indictment for Constitutional Violations. [Doc. 107].  Defendant argues that he was held on a complaint for five and one-half months before return of a grand jury indictment, in violation of the Fifth and Sixth Amendments of the United States Constitution.  This Court previously considered and rejected these arguments. *See* 5/29/2008 Order [Doc. 33].

    Defendant additionally argues that upon the filing of the Indictment on February 27, 2008, he was never arraigned, nor given a copy of the Indictment, contrary to the Fifth and Sixth Amendments.  Violation of the Sixth Amendment's command that a defendant be "informed of the nature and cause of the accusation" would indeed render an indictment fatally defective. *Russell v. United States*, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); *United States v. Hess*, 124 U.S. 483, 8 S.Ct. 571, 31 L.Ed. 516

1

(1888); *United States v. Simmons*, 96 U.S. 360, 24 L.Ed. 819 (1877).

However, the failure to arraign a defendant in open court after an information is filed against him is not a deprivation of due process absent a showing of resulting prejudice. See *Tapia v. Tansy*, 926 F.2d 1554, 1558 (10th Cir. 1991). Likewise, the failure to arraign a defendant in open court does not deprive a court of jurisdiction to try the defendant. See *Merritt v. Hunter*, 170 F.2d 739, 741 (10th Cir. 1948). Formal arraignment is not constitutionally required if it is shown that the defendant knew what he or she was being accused of and is able to defend himself or herself adequately. *Dell v. State of La.*, 468 F.2d 324, 325 (5th Cir. 1972). An accused's constitutional right to notice of the criminal charge or charges brought against him or her can be satisfied by other means, such as a bill of particulars, a preliminary examination, and criminal pre-trial discovery. *Dowell v. C.M. Lensing*, 805 F. Supp. 1335, 1343 (M.D. La. 1992).

Defendant initially appeared with counsel on September 12, 2007. At that time, Defendant and counsel were notified of the nature and cause of the Complaint. At the detention hearing two days later, Defendant consented to detention. Defendant subsequently participated in proffer sessions with the Government regarding his involvement in the offense. As a result, he twice stipulated to adjourn his preliminary examination. *See* Doc. 10 and 13. On November 26, 2007, Defendant filed his first motion to dismiss Indictment/Complaint based on failure to timely indict. After Defendant elected to cease his cooperation with the Government, the Government filed the Indictment on February 27, 2008. It does not appear that Defendant was formally arraigned on the Indictment. But, on August 21, 2008, the Government filed the Superceding Indictment. Defendant was arraigned and acknowledged receipt of the

2

Superceding Indictment on August 25, 2008.

The Court is satisfied that Defendant was informed about what he is accused of and that he is able to defend himself adequately.  Moreover, because Defendant has not established that any failure to arraign him on the original Indictment resulted in prejudice, there is no due process or Sixth Amendment violation.

This Motion is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  September 1, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Gary Abernathy by electronic means or U.S. Mail on September 1, 2009.

s/Carol A. Pinegar
Deputy Clerk

---