UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                   Case No. 08-20103

                                                                       Hon. Victoria A. Roberts

GARY ABERNATHY,

    Defendant.
_____/

## ORDER REGARDING RULES OF COURTROOM BEHAVIOR AND DECORUM

The purpose of this Order is to state certain basic principles pertaining to the courtroom behavior and decorum of persons who appear in this Court. These requirements are minimal and are not intended to be inclusive.

When appearing in the Court, the following directives will be given strict compliance by Judge Victoria A. Roberts:

(1)    All counsel and self-represented parties (including all other persons at the counsel table) must:

    (a)    be prompt for all court sessions;

    (b)    stand when the Court is opened, recessed or adjourned;

    (c)    stand when the jury enters or retires from the Courtroom;

    (d)    stand when addressing, or being addressed by, Judge Roberts;

    (e)    stand at, or within the immediate vicinity of, the lectern while examining any witness; however, counsel or self-represented parties may approach the Clerk's desk or the witness for the purpose of handling or tendering exhibits;

(f)   use the available microphones;

(g)   refrain from shouting;

(h)   refrain from interrupting anyone else who is speaking;

(i)   present all motions from the lectern;

(j)   address all recorded remarks to Judge Roberts and not to opposing counsel, or to the self-represented party;

(k)   avoid all disparaging personal remarks and/or acrimony toward opposing counsel or the self-represented party;

(l)   remain wholly detached from any ill feeling which may exist between the litigants and/or the witnesses; and

(m)   refer to all persons, including witnesses, other counsel and the parties by their surnames and not by their first or given names.

(n)   stand at, or within the immediate vicinity of, the lectern while making opening statements or closing arguments.

(2)   Counsel and self-represented parties must request permission from Judge Roberts before approaching the bench.

(3)   Any document which counsel or self-represented parties wish to have examined by Judge Roberts, should be handed directly to the clerk.

(4)   Any paper or exhibit, which has not been previously marked for identification, should be handed initially to the court reporter to be recorded before it has been tendered to a witness for his/her examination. Any exhibit which is offered in evidence, should be handed to opposing counsel or self-represented parties at the time of such offer. Court time may not be used to mark exhibits; this must be completed in advance of the Court session. Exhibits should be marked by the Plaintiff in numerical order, and by the Defendant in alphabetical order.

(5)   In making an objection, counsel or self-represented parties should:

(a)   state only the legal grounds for the objection;

(b)   withhold all further comment or argument unless an elaboration is requested by Judge Roberts; and

    (c)    refrain from arguing with Judge Roberts after a decision on the issue has been rendered.

(6) In examining a witness, counsel or self-represented parties must not repeat or attempt to summarize the answer of the witness.

(7) Offer of, or requests for, a stipulation should be made privately between/among counsel and/or self-represented parties, and not within the hearing of the jury.

(8) During the presentation of an opening statement and a closing argument to the jury, counsel or self-represented parties must not:

    (a)    express personal knowledge concerning any matter in issue;

    (b)    read or purport to read from any deposition, trial transcript or proposed jury instructions without the prior approval of Judge Roberts;

    (c)    suggest to the jury, directly or indirectly, that it may or should request transcripts or the reading of any testimony by the court reporter or;

    (d)    advise the jury that a copy of the jury instructions will be delivered to them by Judge Roberts prior to the commencement of deliberations.

(9) Gestures, facial expressions, audible comments, etc. (e.g. manifestations of approval or disapproval pertaining to the comments of an opposing attorney, the testimony of a witness, or a decision by Judge Roberts) by counsel, self-represented parties and/or other person(s) at counsel table, are prohibited.

(10) Counsel, self-represented parties, and all other persons at counsel table must remain seated at counsel table during the trial or hearing; however, movement from the immediate environs of counsel table is permitted as long as it does not disrupt the proceedings.  Neither counsel, self-represented parties, nor any other persons at the counsel table can leave the Courtroom during trial or hearing without the permission of Judge Roberts.

(11) Counsel or self-represented parties must not establish, or attempt to establish any direct communications with the jury, except during the opening statement and the closing argument, or on such other occasions authorized by Judge Roberts.

(12) No exhibit shall be handed directly to any member of the jury without the permission of Judge Roberts.

(13) Counsel and self-represented parties must avoid the placement or the use of

      an exhibit or object that will, or may tend to, damage any of the Courtroom facilities (i.e., tables, chairs, carpet, etc.).

(14)    No briefcases, boxes or items of similar or larger design or structure will be permitted to remain on counsel table without the approval of Judge Roberts.

(15)    Counsel or self-represented parties with physical disabilities may request the Court for relief from the requirements to:

    (a)    stand when the Court is opened, recessed or adjourned;

    (b)    stand when the jury enters or retires from the Courtroom;

    (c)    stand when addressing, or being addressed by Judge Roberts;

    (d)    stand at, or within the immediate vicinity of, the lectern while examining any witness; however, counsel or self-represented parties may approach the Clerk's desk or the witness for the purpose of handling or tendering exhibits;

    (e)    stand at, or within the immediate vicinity of, the lectern while making opening statements or closing arguments.

Repeated failure to abide by these rules of decorum may result in sanction, up to and including removal from the trial or hearing.

      **IT IS ORDERED**.

                                          S/Victoria A. Roberts
                                          Victoria A. Roberts
                                          United States District Judge

Dated: September 24, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Gary Abernathy by electronic means or U.S. Mail on September 24, 2009.

s/Carol A. Pinegar
Deputy Clerk

---