**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**
**Plaintiff,**

**Case No. 08-20103**

**v.**

**Hon. Victoria A. Roberts**

**GARY ABERNATHY,**
**Defendant.**

---

**ORDER**

## I. INTRODUCTION

This matter is before the Court on the Government's Motion to Supplement the Record in Light of United States v. Tinklenberg [Doc. 135], filed October 1, 2009. Defendant did not file a Response. For the reasons stated, the Court **GRANTS** the Motion and finds that there is no Speedy Trial Act violation.

## II. BACKGROUND

Defendant is charged in a superceding Indictment with Armed Bank Robbery, pursuant to 18 U.S.C. §§ 2113(A), (D) & 2, and Possession of a Firearm in Furtherance of a Crime of Violence, pursuant to 18 U.S.C. §§ 924(c)(1)(A). He represents himself with standby counsel and awaits trial.

On November 26, 2007, Defendant filed a motion to dismiss the indictment based on the Government's alleged failure to timely indict under the Speedy Trial Act. The Court denied the Motion on May 29, 2008 [Doc. 33]. On October 15, 2008, Defendant filed a motion to dismiss the indictment alleging a violation of the Speedy

Trial Act's 70-day clock. The Court denied that Motion on October 22, 2008. [Doc. 79].

The Government now moves the Court to clarify the record and make further findings on various periods of delay, in light of the recent Sixth Circuit Court of Appeals decision in *United States v. Tinklenberg*, 579 F.3d 589 (6th Cir. Sept. 3, 2009). Specifically, the Government asks the Court to find that the following time periods are excludable: (1) September 24, 2007 through October 26, 2007 and October 29, 2007 through November 26, 2007, because plea negotiations constitute "other proceedings concerning the defendant" under 18 U.S.C. § 3161 (h)(1); (2) November 26, 2007 through May 29, 2008, under 18 U.S.C. § 3161 (h)(1)(D), because of Defendant's Motion to Dismiss Indictment; (3) June 6, 2008 through September 12, 2008, under 18 U.S.C. § 3161 (h)(1)(C), rather than 18 U.S.C. § 3161 (h)(1)(F), because Defendant filed a notice of interlocutory appeal; (4) September 12, 2008 through March 20, 2009, under 18 U.S.C. § 3161 (h)(1)(A), (D), (F); (5) March 30, 2009 through August 26, 2009, under 18 U.S.C. § 3161 (h)(1)(C) and (h)(4), while Defendant's interlocutory appeals were pending and while he was incompetent to stand trial; (6) March 3, 2009 through September 1, 2009, under 18 U.S.C. § 3161 (h)(1)(D), because of Defendant's motion to dismiss the indictment; and (7) various other overlapping dates resulting from Defendant's numerous pretrial motions.

## III. CASE LAW AND ANALYSIS

### A. Overview

The Speedy Trial Act ("Act"), 18 U.S.C. §§ 3161-3174, generally provides time periods within which a defendant must be indicted and brought to trial. Section 3161 provides that a defendant must be indicted within 30 days from the date of his arrest on

the charges which led to his arrest:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

18 U.S.C. § 3161(b). This 30-day period is often referred to as the "speedy indictment clock."

Upon indictment, section 3161(c)(1) provides that trial must begin within 70 days of a defendant's initial appearance:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent.

18 U.S.C. § 3161 (c)(1). This period is often referred to as the "speedy trial clock."

Certain periods of delay, enumerated at § 3161(h), are excluded when computing elapsed time:

> (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;
>
> . . . .
>
> (C) delay resulting from any interlocutory appeal;
> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>
> . . . .
>
> (F) delay resulting from transportation of any defendant from another

> district, or to and from places fo examination or hospitalization, except that any time consumed in excess of ten days from the date of an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;
>
> . . . .
>
> (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court. . . .

18 U.S.C. § 3161 (h)(1). Also excluded is any period of delay resulting from "the fact that the defendant is mentally incompetent or physically unable to stand trial," 18 U.S.C. § 3161 (h)(4), and from "a continuance granted . . . on the basis that the ends of justice . . . outweigh the best interest of the public and the defendant in a speedy trial," 18 U.S.C. § 3161 (h)(7).

The Sixth Circuit clarified how to calculate certain periods of delay resulting from events prior to trial in *Tinklenberg,* issued on September 3, 2009. Importantly, the Court held that the filing day of a pretrial motion and the day the motion is decided are both excludable under 18 U.S.C. § 3161(h)(1)(A). *Tinklenberg,* 579 F.3d at 595. However, the Court held that "a pretrial motion must actually cause a delay, or the expectation of a delay, of trial in order to create excludable time" under § 3161(h)(1)(D). *Id*. at 598. With regard to transporting a defendant to and from competency evaluations, the Court held that "a delay in transporting a defendant to a mental competency examination beyond the ten day limit imposed by § 3161(h)(1)(F) is presumptively unreasonable, and in the absence of rebutting evidence to explain the additional delay, this extra time is not excludable." *Id*. at 596. The time period for evaluation of a defendant's competency to stand trial (after a defendant's transportation) is excludable delay under

§ 3161(h)(1)(A). *Id*.

**B. Court's Calculation**

A two-count criminal complaint was filed on September 12, 2007. Defendant made his first appearance on the complaint, with counsel, on September 12, 2007 and was temporarily detained. A motion for pre-trial detention was made on September 12, 2007 and resolved when Defendant consented to detention on September 14, 2007. See Doc. 7. The speedy trial clock began to run on September 14, 2007. *See* 18 U.S.C. § 3161(h)(1).

On September 20, 2007, Defendant signed a *Kastigar* letter, formalizing his agreement to cooperate with the Government; he began debriefing. The preliminary examination was scheduled for September 24, 2007, but was adjourned to October 26, 2007 "to allow the parties to resolve the charges through discussion and negotiation as expeditiously as possible." *See* Doc. 10.

The period from September 14, 2007 through September 23, 2007 is non-excludable. The period from through September 24, 2007 through October 26, 2007 is excludable under the Act. *See* 18 U.S.C. § 3161 (h)(1), (h)(7)(A); see also *United States v. Dunbar*, 357 F.3d 582, 593 (6th Cir. 2004) (plea negotiations are other proceedings).

On October 29, 2007, the Court appointed new counsel to represent Defendant. On the same date, the parties stipulated to adjourn the preliminary examination "to allow the parties to resolve the charges through discussion and negotiation as expeditiously as possible." See Doc. 13. The preliminary examination was continued until November 26, 2007. *Id*.

The period of October 27, 2007 through October 28, 2007 is non-excludable.

The period of October 29, 2007 through November 26, 2007 is excludable under the Act. See 18 U.S.C. § 3161 (h)(1), (h)(7)(A); see also *Dunbar*, 357 F.3d at 593.

On November 26, 2007, Defendant filed a *pro se* Motion to Dismiss Indictment/Complaint based on Failure to Timely Indict Pursuant to 18 U.S.C. § 3162(a)(1); at that time he was represented by counsel. On January 31, 2008, Defendant filed a *pro se* Supplement to Motion to Dismiss. On February 8, 2008, Defendant filed a *pro se* Supplement to the Motion to Dismiss and a Motion Invoking Sixth Amendment Right of Self Representation. On February 27, 2008, the Government filed the Indictment. On February 28, 2008, Defendant filed another *pro se* Supplement to the Motion to Dismiss. On March 6, 2008, Defendant's former counsel filed a Motion to Withdraw.

The Motion to Dismiss and the two supplements were filed before the magistrate, prior to indictment, and first became known to the Court on March 19, 2008, when the Court conducted a hearing on the Motion to Withdraw. On March 20, 2008, the Court issued an Order granting the Motion to Withdraw and granting Defendant's Motion to represent himself for the limited purpose of deciding the Motion to Dismiss the Indictment. The Court also set a briefing schedule for the Motion to Dismiss and advised the parties that it would "rule on the briefs." The Government filed a Response and Brief, under seal, on March 27, 2008. On April 29, 2008, Defendant filed a Reply to the Government's Brief. The Motion remained pending until May 29, 2008 when the Court issued its Order disposing of the Motion.

On March 21, 2008, the Court issued an Order appointing the Federal Defender's Office to represent Defendant.

On April 2, 2008, the Government filed a Motion and Combined Brief in Opposition to Defendant's Request for Release on Bail Pending Trial. The Court conducted a detention hearing on April 4, 2008. On April 7, 2008, the Court issued its Order of Detention Pending Trial.

The period from November 26, 2007 through May 29, 2008, the date of filing through the date of resolution of Defendant's Motion to Dismiss Indictment, is excludable under the Act. *See* § 3161(h)(1)(D). Additionally, February 8, 2008 through March 21, 2008 and April 2 through April 7, 2008 are excludable. *See* § 3161(h)(1)(D).

On June 6, 2008, Defendant filed his Notice of Emergency Interlocutory Appeal. The Order dismissing the interlocutory appeal was filed on September 12, 2008.

On June 16, 2008, the Government and Defendant, through his appointed counsel, stipulated to adjourn the trial date from June 17, 2008 to August 12, 2008 and agreed that that time period would constitute excludable delay.

On July 11, 2008, Defendant filed a Motion and Combined Brief Expanding the Record with Objections. On August 20, 2008, the Court issued an Order striking this *pro se* Motion.

On August 20, 2008, Defendant filed a Combined Brief and Motion to Disqualify Judge pursuant to Title 28 U.S.C.S. § 455(a) and (b)(1). On August 21, 2008, the Court issued an Order striking this *pro se* Motion.

On August 21, 2008, the Government filed the Superceding Indictment.

On August 25, 2008, the Court granted Defendant's request to represent himself and to appoint standby counsel to assist him. Defendant agreed to an adjournment of the trial date from September 11, 2008 to January 13, 2009 to give him additional time

to prepare a defense and file necessary motions. Defendant also agreed that all time from August 25, 2008 through January 13, 2009 would constitute excludable delay under the Speedy Trial Act.

The period of June 6, 2008 through September 12, 2008 is excludable under the Act. *See* § 3161(h)(1)(C). Additionally, June 16, 2008 through August 12, 2008 and August 25, 2008 through January 13, 2009 is excludable. *See* § 3161(h)(7)(A).

On September 12, 2008, the Government filed a Motion for Hearing On and Determination of Defendant's Mental Competency. The Court issued an Order granting the Motion on October 24, 2008. *See* Doc. 80. On October 27, 2008, the Court entered an Order committing Defendant to the custody of the Attorney General for a psychological evaluation. *See* Doc. 81. Defendant was designated to MCC-Chicago on November 5, 2008 and arrived there on November 19, 2008.

Under Sixth Circuit precedent, weekends and federal holidays are not included when calculating the ten day time period in which the transportation delays are excluded. *United States v. Bond*, 956 F.2d 628, 632 (6th Cir. 1992) (citing Federal Rule of Criminal Procedure 45(a)). Thus, although 15 calendar days passed until Defendant arrived at MCC-Chicago, they were all excludable: ten days under § 3161(h)(1)(F), two Saturdays, two Sundays, and one federal holiday.

On November 6, 2008, Defendant filed an interlocutory appeal of the Order for psychological evaluation and commitment. The Sixth Circuit entered an Order dismissing that appeal on May 27, 2009. *See* Doc. 118.

On December 10, 2008, the Court entered an Order granting MCC-Chicago's application for a 15-day extension to complete the psychological evaluation. *See* Doc.

92. The report was completed on January 13, 2009. On March 10, 2009, the independent psychological evaluation was completed. On March 12, 2009, the Court conducted a competency hearing. On March 30, 2009, the Court entered an Order finding Defendant incompetent to stand trial. *See* Doc. 111. According to the Bureau of Prisons, Defendant's competency was restored on August 21, 2009. *See* Doc. 126.

The period of September 12, 2008 through March 30, 2009 is excludable under the Act. *See* § 3161(h)(1)(A). Additionally, the period of March 30, 2009 through August 21, 2009 is excludable. *See* § 3161(h)(4). The period of November 6, 2008 through May 27, 2009 is also excludable. *See* § 3161(h)(1)(C).

On March 3, 2009, Defendant filed a Motion to Dismiss. *See* Doc. 107. The Court entered an Order denying the motion on September 1, 2009. *See* Doc. 128.

On May 18, 2009, Defendant filed a third interlocutory appeal and request for mandamus. See Doc. 116. The Sixth Circuit entered an Order dismissing the third interlocutory appeal on August 26, 2009. *See* Doc. 125.

The period of March 3, 2009 through September 1, 2009 is excludable. *See* § 3161(h)(1)(D). Additionally, the period of May 18, 2009 through August 26, 2009 is excludable. *See* § 3161(h)(1)(C).

On September 14, 2009, the Court conducted a status conference. Defendant made an oral motion to terminate his standby counsel. The Court took the matter under advisement and denied the motion on September 15, 2009. On October 5, 2009, the Court conducted another status conference. Defendant made an oral motion to adjourn the trial scheduled for October 19, 2009, due to the loss of his legal materials during transport. Defendant advised that he needed to recreate his file to prepare for trial. The

Court granted the motion and adjourned for another status conference on November 30, 2009.

The period of September 14, 2009 through September 15, 2009 is excludable under the Act. *See* § 3161(h)(1)(D), (H). Additionally, the period of October 5, 2009 through November 30, 2009 is excludable under the Act, because the ends of justice outweigh the best interests of the public and Defendant in a speedy trial. *See* § 3161(h)(7)(A). This time period will allow Defendant, who is acting *pro se*, to adequately prepare for trial.

## III. CONCLUSION

When all excludable time is counted, only: (1) September 14 through September 23, 2008; (2) October 27 through October 28, 2008; (3) May 30, 2008 through June 5, 2008; (4) September 2, 2009 through September 13, 2009; and (5) September 16, 2009 through October 4, 2009, a total of 49 days, count towards the 70-day speedy trial clock. There has been no Speedy Trial Act violation.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: November 30, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Gary Abernathy by electronic filing and hand delivery on November 30, 2009.

s/Linda Vertriest
Deputy Clerk