UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

   Plaintiff,

                                                            Case No. 08-20103

v.

                                                            Hon. Victoria A. Roberts

**GARY ABERNATHY,**

   Defendant.
_____/

## ORDER REGARDING TRIAL

Jury trial is scheduled to start on January 11, 2010 at 9:00 a.m.  The purpose of this Order is to re-iterate the Court's rules regarding courtroom protocol and procedure, and to advise Defendant of his trial rights and responsibilities as a *pro se* party.

### COURTROOM PROTOCOL AND PROCEDURE

The Court served the parties with the Court's Order Regarding Rules of Courtroom Behavior and Decorum [Doc. 133].  The parties should familiarize themselves with these rules and be prepared to follow them during trial.  Failure to abide by the Court's rules for courtroom behavior and decorum will result in sanctions.

### DEFENDANT'S TRIAL RIGHTS AND RESPONSIBILITIES

Mr. Abernathy has certain rights, guaranteed by the Constitution.  These include:

(1) The right to remain silent, which under the Constitution is called the right not to incriminate yourself.  That means that you have no obligation to plead guilty simply because the Government charged you with a crime.  You can require the Government

to go to trial and prove your guilt by complete evidence.

(2) The right to testify.  You have the absolute right to testify in your own defense and to present relevant testimony at trial.  You will be placed under oath and will be required to give truthful testimony.  Your failure to give truthful testimony could result in a charge for perjury (lying under oath) or the Court will take that into account at sentencing if you are convicted.

If you testify, the Court will require that you do so in a question and answer format.  You may not testify in a narrative fashion. *See* Fed. R. Evid. 611(a); *Hutter Northern Trust v. Door County Chamber of Commerce*, 467 F.2d 1075, 1078 (7th Cir. 1972) (upholding trial court's ruling precluding *pro se* plaintiff from testifying in narrative format).

(3)  The right to have an attorney present with you at all stages of the trial proceedings.  If you cannot afford an attorney and want an attorney appointed, the Court will appoint one on your behalf.  Currently, you have standby counsel, Sidney Kraizman.  The purpose of standby counsel is to assist a *pro se* defendant in his defense, with tasks such as introducing evidence, objecting to testimony, and ensuring compliance with basic rules of courtroom protocol and procedure.  However, the Court could appoint him, if you want him to serve as your constitutionally guaranteed attorney.

(4)  The right to a fair and impartial jury.  You have the right to participate in the selection of 12 people, who will listen to the evidence and decide whether the Government proved its case against you.  Jurors are selected through the process known as *voir dire*.  The Court will conduct the entire *voir dire* and question prospective jurors regarding their qualifications to serve. The parties may submit supplemental

questions to the Court and the Court will pose them to the prospective jurors if the Court deems the questions proper.

The parties can challenge prospective jurors. Challenges may be either: (1) peremptory; or (2) for cause. No reason or cause need be given to exercise peremptory challenges. Challenges for cause must be based upon actual bias or prejudice. The Government has six (6) peremptory challenges. Mr. Abernathy has ten (10) peremptory challenges. Each side will exercise their challenges on an alternating basis.

(5) The presumption of innocence. At trial you will be presumed innocent. The Court will instruct the jury that the Indictment against you is not evidence of guilt, but is simply the formal way the Government charges a person with a crime and informs that person of the charge or charges. The Court will also inform the jury that you begin the trial with a clean slate, a presumption of innocence.

(6) The right to have the Government prove your guilt beyond a reasonable doubt. The Court will explain to the jury that the Government has this burden in all criminal trials, regardless of the Defendant and the charges, and that this is a heavy burden the Government must meet.

(7) The right to confront witnesses and compel testimony. The Government has provided to you its witness list, and a brief synopsis of the anticipated testimony of each witness. You or your attorney can cross examine the witnesses called against you by the Government. You also can call witnesses on your own behalf. You or your attorney can question those witnesses. If necessary, you can ask the Court to subpoena witnesses and require them to testify in court on your behalf. You must provide the Court with the full name and current address of all witnesses you wish to subpoena by

December 28, 2009. If we do not hear from you by December 28, 2009 concerning your witnesses, we will assume that you do not want the Court to be involved in subpoenaing any witnesses.

(8) The right to represent yourself at trial. Although you have the right to represent yourself at trial, there are difficulties and dangers associated with self representation. For example, by waiving your right to an attorney, you lose the opportunity to obtain an independent opinion on whether, under the facts and applicable law, it is wise to plead guilty instead of proceeding to trial. Also, there are defenses to criminal charges that may not be known to you. By waiving the assistance of counsel, there is a risk that you will overlook a viable defense. And, you must follow all rules of procedural and substantive law, even if you have not received formal legal training.

However, the right to represent yourself and to be physically present at trial is not absolute. *See* Fed. R. Cr. P. 46(c)(1)(C); *Illinois v. Allen*, 397 U.S. 337 (1970). "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Faretta v. California*, 422 U.S. 806, 835 (1975), n.46. Thus, "a trial court may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." *Id*. See also *United States v. Lopez-Osuna*, 232 F.3d 657, 665 (9th Cir. 2000) (holding that a trial court may refuse a defendant's request to represent himself when he is unable or unwilling to abide by rules of procedure and courtroom protocol); *United States v. Frazier-El*, 204 F.3d 553, 559 (4th Cir. 2000) ("[T]he *Faretta* right to self-representation is not absolute, and the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's

4

interest in acting as his own lawyer."); *United States v. Brock*, 159 F.3d 1077, 1079 (7th Cir. 1998) ("[W]hen a defendant's obstreperous behavior is so disruptive that the trial cannot move forward, it is within the trial judge's discretion to require the defendant to be represented by counsel.").

Due to prior incidents of courtroom misconduct, the Court specifically warns Defendant that his right of self representation will be terminated and he will be removed from the courtroom if he engages in conduct that abuses the dignity of the courtroom. That includes, but is not limited to: (1) bullying, insulting, humiliating, abusing, shouting, yelling, talking over others, intimidating, harassing, disruptive behavior, interrupting, disrespecting and/or threatening the Judge, prosecutor, courtroom personnel, U.S. Marshals or other security officers, co-defendants, witnesses, jurors, and/or courtroom observers; (2) failing or refusing to comply with rules of procedure and courtroom protocol; and (3) failing or refusing to obey the Judge's orders.

In the event that Defendant's right of self representation is terminated due to obstructionist misconduct, standby counsel will represent Defendant at trial. See *United States v. Dougherty*, 154 U.S. App. D.C. 76, 87-89, 473 F. 2d 1113, 1124-1126 (1972) (a State may -- even over objection by the accused -- appoint a "standby counsel" to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary).

If removed, Defendant will be sent to the "Isolation Cell" in the Court's Prison Lock-up, where you will be able to see and hear the Court proceedings on closed-circuit television.  You will not be able to participate in the proceedings.

The Defendant can reclaim the right to return to the courtroom provided he is willing to "conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings. *Allen*, 397 U.S. at 343.  However, repeated failure to comply with warnings of the Court will result in permanent removal to the Isolation Cell.

Finally, street clothes can be provided to Defendant for use at trial if he lets the Court know in advance.

Through this Order, standby counsel, Sidney Kraizman, is ordered to be prepared to step in and assume representation of Mr. Abernathy once trial is underway. If Mr. Abernathy conducts himself at trial as he has at various hearings, he may lose his right to continue to represent himself, and Mr. Kraizman must be prepared to continue trial without delay.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  December 8, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Gary Abernathy by electronic means or U.S. Mail on December 8, 2009.

s/Linda Vertriest
Deputy Clerk